```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                          No. 06-cr-218-1-JD
                                                Opinion No. 2007 DNH 003

Danilo DeLeon

## O R D E R

Defendant Danilo DeLeon was charged with, inter alia, aiding and abetting the sale of drug paraphernalia and the attempted distribution of controlled substances for his alleged participation in an operation to manufacture and sell hidden storage compartments designed for smuggling drugs in motor vehicles. He now moves the court to order the government to file a bill of particulars identifying specifically the persons whom the government alleges DeLeon aided and abetted. The government objects.

Count four of the superceding indictment alleges that DeLeon "did knowingly aid and abet the sale of, and the offer to sell drug paraphernalia, to wit: hidden motor vehicle storage compartments, which were primarily intended and designed for use in concealing controlled substances, and which the defendant knew were likely to be used for such purpose," in violation of 21 U.S.C. § 863(a)(1), and 18 U.S.C. § 2. Count five alleges that

DeLeon, along with three co-defendants, "did knowingly, intentionally and unlawfully aid and abet the attempted distribution of controlled substances by the construction of hidden compartments in motor vehicles . . . ," in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2.[1]

DeLeon points out that the superceding indictment is silent as to the person or persons whom he allegedly aided and abetted -- i.e., the principals who allegedly violated the underlying statutory provisions.  For the government to succeed on counts four and five, DeLeon argues that it must prove that a principal committed the underlying offense and that DeLeon "consciously shared the principal's knowledge of the underlying criminal act, and intended to help the principal."  United States v. Spinney, 65 F.3d 231, 235 (1st Cir. 1995) (internal quotation marks omitted).  DeLeon argues that, absent information as to the identity of the alleged principals, he cannot adequately prepare for trial on those counts.

The government's objection reveals that DeLeon was ensnared in a Drug Enforcement Administration ("DEA") undercover investigation.  According to the government, undercover

---

[1] Counts one and two, which are not subject to DeLeon's present motion, charge him with two separate conspiracies (over different time frames) to sell drug paraphernalia (i.e., the hidden motor vehicle storage compartments).

confidential informants posed as interested buyers of the hidden compartments.  DeLeon introduced the informants to his co-defendants, whom he stated would construct the compartments.  The government also alleges that DeLeon set the price and accepted cash payments for the compartments, acknowledged that the compartments were intended for drug smuggling, personally transported two vehicles from Salem, New Hampshire, to his garage in Lawrence, Massachusetts, for the purpose of installing compartments, and demonstrated how a hidden compartment could be accessed.

The government argues that DeLeon's defense preparation should not be hampered because he has been provided with ample discovery.  The government represents that it has provided DeLeon with "over 125 pages of discovery including all DEA-6 reports concerning meetings with the defendants and agent surveillance, as well as confidential informant debriefing reports detailing the substance of meetings between DeLeon (and his co-defendants) and the informants."  Moreover, DeLeon and his co-defendants "have been provided with tape recordings of their actual conversations with the cooperating informants to the extent exigent."[2]  Thus, the government argues, DeLeon will not be

---

[2]The government notes that the conversations are in Spanish and therefore necessitate translation before English transcripts

prejudiced in preparing for trial because the discovery that has been provided to him "sets out in detail the identities of the individuals the government has determined to be involved in the scheme and the nature of their relationship over the time period specified in the indictment."

DeLeon's argument overemphasizes the lack of information he seeks in the superceding indictment.  Although the function of a bill of particulars is "to provide the defendant with necessary details of the charges against him to enable him to prepare his defense, to avoid surprise [at] trial, and to protect against double jeopardy," United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992), the sufficiency vel non of the indictment "is irrelevant in determining whether to order a bill of particulars."  1 Charles Alan Wright, Federal Practice and Procedure § 129 (3d ed. 1999).  The appropriate remedy for an insufficient indictment is a motion to dismiss the indictment. See United States v. Murphy, 762 F.2d 1151, 1154 (1st Cir. 1985). DeLeon has neither moved nor argued that the court should dismiss counts four and five of the superceding indictment.

The key inquiry in the present circumstance is whether, as a practical matter, absent "a more detailed specification," DeLeon

---

can be provided.  The government represents that those transcripts will be forthcoming "in the near future."

will be disabled in his trial preparation or might be surprised at trial.  United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993).[3]  Given the government's representations as to the extensive discovery DeLeon has received, it does not appear that his defense preparation will be so disabled.  See Sepulveda, 15 F.3d at 1193 (affirming the denial of a bill of particulars where the defendants "enjoyed the benefits of modified open-file discovery, i.e., automatic discovery that encompassed all relevant data except Jencks Act material related to witnesses not employed in law enforcement"); United States v. Cannino, 949 F.2d 928, 949 (7th Cir. 1991) ("[A] bill of particulars is not required when information necessary for a defendant's defense can be obtained through 'some other satisfactory form.'") (quoting Wright, Federal Practice and Procedure § 129 (2d ed. 1982)).

    Because DeLeon has not contested the government's representations regarding discovery, or claimed that the discovery was nonetheless inadequate, the court rejects DeLeon's claim that a bill of particulars is necessary for his trial preparation.  If DeLeon contests the government's representations as to discovery, he may re-file a motion for a bill of particulars specifically attesting to the inadequacy of the

---

[3]DeLeon has not argued that there is a potential double jeopardy problem in this case.

government's discovery and explaining why a bill of particulars is necessary for his preparation. DeLeon is warned, however, that the court will not entertain "late motions for the purpose of delaying trial." Fed. R. Crim. P. 7(f) advisory committee notes.

## Conclusion

DeLeon's motion for a bill of particulars (document no. 45) is denied without prejudice.

SO ORDERED.

                                                       /s/ Joseph A. DiClerico, Jr.
                                                       Joseph A. DiClerico, Jr.
                                                       United States District Judge

January 5, 2007

cc:  Sandra F. Bloomenthal, Esquire
     Donald A. Kennedy, Esquire
     Jeffrey S. Levin, Esquire
     Richard F. Monteith, Jr., Esquire
     Brian T. Tucker, Esquire
     Robert J. Veiga, Esquire